**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4281**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ANTHONY SERING,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:13-cr-00153-ELH-1)

———————

Submitted: December 22, 2014     Decided: January 7, 2015

———————

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Meghan Skelton, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, A. David Copperthite, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Sering appeals the 135-month sentence imposed by the district court following his guilty plea to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (2012). On appeal, Sering contends that his sentence is both procedurally and substantively unreasonable. Finding no error, we affirm.

Because Sering argued for a sentence different than the sentence imposed by the district court, we review for reasonableness under an abuse of discretion standard. United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010); see Gall v. United States, 552 U.S. 38, 46 (2007). In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Gall, 552 U.S. at 51. The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at

2

hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal citation and footnote omitted)).

We conclude that the district court's sentence is procedurally reasonable. Our review of the sentencing hearing transcript reveals that the district court considered the § 3553(a) factors in finding that a within-Guidelines sentence was appropriate and provided an adequate explanation for the sentence imposed. Further, it is apparent from the transcript that the court did not ignore or reject Sering's mitigating arguments.

Once we have determined that the district court committed no procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed "must be sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). If the sentence imposed is within the appropriate Guidelines range, we consider it presumptively reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors."

3

United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Here, the district court recognized the necessity to impose a sentence that was sufficient but not greater than necessary to serve the purposes of sentencing, and it balanced Sering's personal circumstances with the other § 3553(a) factors to arrive at the 135-month sentence. Given the district court's broad discretion in balancing the § 3553(a) factors, see United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011), we conclude that Sering has not overcome the presumption of reasonableness afforded to the within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED